| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-821 JGB (KKx)** | Date | July 5, 2019 |
| Title | *Jesus Fonseca v. Wal Mart Associates, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Leave to Amend (Dkt. No. 14); (2) DENYING as MOOT Plaintiff's Motion to Remand (Dkt. No. 15); (3) DENYING as MOOT Defendants' Motion to Dismiss (Dkt. No. 8); (4) REMANDING the Matter; and (5) VACATING the July 8, 2019 Hearing (IN CHAMBERS)

     Before the Court are three motions: (1) Plaintiff Jesus Fonseca's motion for leave to amend his complaint ("Motion for Leave," Dkt. No. 14); (2) Plaintiff's motion to remand ("Remand Motion," Dkt. No. 15); and (3) Defendants Wal Mart Associates, Inc. and Walmart Inc.'s (collectively, "Wal-Mart" or "Defendant") motion to dismiss ("Motion to Dismiss," Dkt. No. 8). The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motions, the Court GRANTS Plaintiff's Motion for Leave to Amend, DENIES as MOOT Plaintiff's Motion to Remand, DENIES as MOOT Wal-Mart's Motion to Dismiss, and VACATES the July 8, 2019 hearing.

## I. BACKGROUND

     On March 28, 2018 Plaintiffs filed this action against Wal-Mart in the California Superior Court for the County of San Bernardino. ("Complaint," Dkt. No. 1-2.) The Complaint alleges ten causes of action: (1) disability discrimination (Cal. Govt. Code § 12940(a)); (2) failure to accommodate (Cal. Govt. Code § 12940 (m)); (3) failure to engage in the interactive process (Cal. Govt. Code § 12940(n)); (4) retaliation under FEHA (Cal. Govt. Code § 12940(h)); (5) failure to prevent discrimination (Cal. Govt. Code § 12940(k)); (6) interference under CFRA (Cal. Govt. Code § 12945.2(t)); (7) retaliation under CFRA (Cal. Govt. Code § 12945.2(l)(1));

(8) hostile work environment § 12940(j)); (9) wrongful termination in violation of public policy; and (10) negligent infliction of emotional distress. (See Complaint.) On April 2, 2019, Defendant removed the action to this Court. ("Notice," Dkt. No. 1.)

## II. MOTION FOR LEAVE TO AMEND

Plaintiff filed his Motion for Leave on May 28, 2019. (See Mot. for Leave.) In support of his Motion, Plaintiff filed the following documents:

- Declaration of Mohamed Eldessouky ("Eldessouky Declaration," Dkt. No. 14-1);
- Proposed First Amended Complaint ("Proposed FAC," Dkt. No. 14-1);
- Proposed FAC with Tracked Changes ("Exhibit B," Dkt. No. 14-1); and
- Proposed Order (Dkt. No. 14-2).

Wal-Mart opposed the Motion for Leave on June 17, 2019. ("Opp'n," Dkt. No. 17.) In support of its Opposition, Wal-Mart submitted the following documents:

- Declaration of Tisha Snyder ("Snyder Declaration," Dkt. No. 17-1); and
- Declaration of Aderoju Ogunlana ("Ogunlana Declaration," Dkt. No. 17-1).

Plaintiff replied on June 24, 2019. ("Reply," Dkt. No. 19.)

### A. Legal Standard

After removal, if a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit holds "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The Ninth Circuit considers five factors when considering a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., No. CV 08-2068 PSG (FFMx), 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing Eminence Capital, 316 F.3d at 1052; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-87 (9th Cir. 1987)).

However, some courts in this circuit have found that "the permissive amendment under Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." Chan v. Bucephalus Alternative Energy Group, LLC, 2009 WL 1108744, at *3 (N.D. Cal. 2009) (citing Bakshi v. Bayer Healthcare, LLC, 2007 WL 1232049, at *2 (N.D.

Cal. 2007). These courts consider the following six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Boon v. Allstate Ins. Co., 299 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

**B. Discussion**

Even under the more rigorous standard enumerated in IBC Aviation, Plaintiff should be allowed to amend his Complaint. Plaintiff's Proposed FAC seeks to add two non-diverse defendants, Tisha Snyder and Aisha Ogunlana. (See Proposed FAC.) Plaintiff alleges both Snyder and Ogunlana are residents of San Bernardino County, California. (Id. ¶¶ 6-7.) Plaintiff also converts his claim for negligent infliction of emotional distress to intentional infliction of emotional distress and to add an eleventh cause of action for defamation. (See id.)

**1. Necessary Party Under Rule 19**

The Court finds Snyder and Ogunlana are not necessary parties under Rule 19(a). A "necessary party" under Rule 19 is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." See CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 805, 912 (9th Cir. 1991) (citation omitted). The Ninth Circuit explains such a rule requires joinder for a party when "complete relief" cannot be accorded without such joinder or that disposing of the action without the joined party may (i) impede that person's ability to protect their interest or (ii) leave an existing party at risk of incurring multiple or inconsistent obligations. See Fed. R. Civ. P. 19(a); Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983). Here, no such circumstances exist. Plaintiff seeks money damages, and Wal-Mart may be held liable for damages caused by their employees, even if Snyder and Ogunlana are not joined in this action. See Perez v. City of Huntington Park, 7 Cal. App. 4th 817, 820 (1992) (citing Golceff v. Sugarman, 36 Cal. 2d 152, 154 (1950)). Thus, Plaintiff would be able to obtain complete relief in their absence. Furthermore, Plaintiff presents no argument that failure to join Snyder and Ogunlana exposes him to conflicting obligations or impedes his ability to protect his interests. Thus, Defendants are correct that under Rule 19(a), Snyder and Ogunlana are not necessary parties.

However, the standard under 28 U.S.C. § 1447(e) is not as restrictive as Rule 19. See IBC Aviation, 125 F. Supp. 2d at 1011-12 (citing Trotman v. United Parcel Serv., 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996)). Under § 1447(e), Courts disallow joinder of non-diverse defendants where "those defendants are only tangentially related to the cause of action or would

not prevent complete relief." See, e.g., Red Buttons v. Nat'l Broad. Co., 858 F. Supp. 1025, 1027 (C.D. Cal. 1994). Here, Plaintiff's Proposed FAC alleges Snyder, a Wal-Mart employee, called Plaintiff and accused him of fraud. (Proposed FAC ¶¶ 19, 127.) She then informed him his employment would be terminated due to gross misconduct and integrity concerns. (Id.) Snyder executed this call in the presence of Plaintiff's former supervisor. (Id.) The proposed FAC also alleges Ogunlana prepared a termination letter in which she noted the reason for separation was "gross misconduct—other" and explained that Plaintiff "was terminated involuntarily for gross misconduct and integrity." (Id. ¶¶ 21, 128.) This alleged conduct bears more than a tangential relationship to Plaintiff's causes of actions—especially to his defamation cause of action. The defamation claim relies entirely on allegations concerning Snyder and Ogunlana's alleged conduct and its effect on his alleged future compulsion to disclose the reason for his termination in subsequent job interviews. (See Proposed FAC ¶¶ 134-137.) The defamation allegations also constitute much of the basis for Plaintiff's intentional infliction of emotional distress claim. (Id. ¶¶ 127-129, 133.) Disallowing the requested amendment would hinder Plaintiff from asserting his rights against employees directly involved with his causes of action, as it would require inefficient, duplicative litigation in two separate fora. See, e.g., IBC Aviation, 125 F. Supp. 2d at 1012. This factor favors permitting amendment.

### 2. Statute of Limitations

The statute of limitations for defamation claims is one year. Cal. Code Civ. P. § 340(c). The alleged defamatory conduct of Snyder and Ogunlana occurred on March 27, 2018 and March 29, 2018, respectively. (Proposed FAC ¶¶ 19, 21.) Thus, as alleged, the statute of limitations has expired and would prevent Plaintiff from bringing this claim in state court. This factor favors permitting amendment.

### 3. Unexplained Delay

Courts consider delay in determining whether to permit an amendment adding non-diverse defendants. See IBC Aviation, 125 F. Supp. 2d at 1012 (citing Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (finding amendment less than six weeks after complaint to be timely)). Plaintiff explains Snyder and Ogunlana were not named in the Complaint because he did not have identifying information at the time he filed in state court. (Eldessouky Decl. ¶ 2.) Plaintiff requested his personnel file on March 5, 2019 but did not receive it until April 5, 2019, a week after he filed his Complaint. (Mot. for Leave at 4.) However, the personnel file, provided in CD format, was not readable or did not contain the relevant files. (Id.) Plaintiff alerted Wal-Mart to the issue but did not receive a response. (Id.) Defendants removed this action on May 1, 2019. (Notice.) On May 15, 2019, Plaintiff requested that Wal-Mart stipulate to allow him to file an amended complaint. (See Eldessouky Decl. ¶ 5.) Wal-Mart never indicated whether it would stipulate to the amendment. (Id. ¶ 7.) On May 30, 2019, Plaintiff filed this Motion. (See Mot. for Leave.) The Court finds Plaintiff acted in a timely fashion and did not unreasonably delay in seeking amendment. This factor favors permitting amendment.

///

### 4. Purpose of the Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Desert Empire Bank v. Ins. Co. of N. America, 623 F.2d 1371, 1376 (9th Cir. 1980). However, suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as § 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants. See IBC Aviation, 125 F. Supp. 2d at 1012 (citing Trotman, 1996 WL 428333, at *1 ("The legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.")). Here, Plaintiff explains serious obstacles prevented him from obtaining personnel information from Wal-Mart in order to name Snyder and Ogunlana earlier. See supra Part II.B.3. As alleged, Snyder and Ogunlana were the only Wal-Mart employees with whom he received termination-specific communication. (See Proposed FAC.) Plaintiff's desire to add them as individual defendants is reasonable. This factor favors permitting amendment, or it is at least neutral.

### 5. Validity of Claims Against New Defendants

The Court finds at least one of Plaintiff's claims is sufficiently viable against Snyder and/or Ogunlana. The Court finds that, at a minimum, Defendant must satisfy the fraudulent joinder standard courts apply in determining whether there is federal jurisdiction over a removed action with non-diverse defendants. C.f. Lew v. Medtronic, Inc., 2014 WL 7185299, at *10 (C.D. Cal. Dec. 16, 2019). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter v. Phillip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)). The Ninth Circuit has emphasized that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Id. at 549. Rather than merely showing the plaintiff has not alleged facts plausibly stating a claim for relief, a defendant must show that there is no "possibility that a state court would find that the complaint states a cause of action against any of the resident defendants[.]" Id. at 458 (internal quotation marks and citations omitted). Thus, that a court would grant a motion to dismiss the claim is insufficient to establish fraudulent joinder. Id. at 550. "[T]he district court must [still] consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. Defendants asserting fraudulent joinder bear a "heavy burden" because of the presumption against finding defendants were fraudulently joined. Id. at 548.

Here, Plaintiff's defamation claim is sufficiently viable against Snyder and Ogunlana. The tort of defamation involves a publication that is false, defamatory, and unprivileged, and that has a natural tendency to injure or that causes special damage. Taus v. Loftus, 40 Cal. 4th 683, 720 (2007). The originator of a defamatory statement is liable for a foreseeable republication. See, e.g., McKinney v. Cty. of Santa Clara, 110 Cal. App. 3d 787, 795 (1980). This extends to a republication by a plaintiff himself, as "[t]he rationale for making the originator of a defamatory

statement liable for its foreseeable republication is the strong causal link between the actions of the originator and the damage caused by the republication." See Mitchell v. Superior Court, 37 Cal. 3d 268, 281 (1984) (quoting McKinney, 110 Cal. App. 3d at 797). The causal link is sufficiently strong for a self-publication where "the person defamed [is] operating under a strong compulsion to republish the defamatory statement and the circumstances which create the strong compulsion are known to the originator of the defamatory statement at the time he communicates it to the person defamed." McKinney, 110 Cal. App. 3d at 797-98.

      Plaintiff alleges he was compelled to republish the defamatory statements concerning the fraud accusation to third parties outside Wal-Mart when he sought new employment. (Proposed FAC ¶ 137.) Wal-Mart's only argument against Plaintiff's defamation claim is that he was not under a compulsion to self-publish. (See Opp'n at 11-12.) The Court finds, at this stage, the Proposed FAC presents a sufficiently viable theory of self-publication to justify joinder of Snyder and Ogunlana. The Court notes an individual whose employment has been involuntarily terminated will likely seek new employment. The Court further notes it is reasonable to expect that prospective employers will inquire as to the circumstances surrounding the termination of past employment. As alleged, three such prospective employers asked Plaintiff just this question. (Proposed FAC ¶ 137.) Although Plaintiff does not allege the foreseeability of his seeking new employment or being asked about his termination, these are easily cured by subsequent amendment.

      Wal-Mart asserts Plaintiff still cannot state a claim under this self-publication theory because he cannot demonstrate there was an actual "negative job reference" that he would have to explain to prospective employers. (Opp'n at 11-12 (citing Davis v. Consol. Freightways, 29 Cal. App. 4th 354, 373 (1994)).) In Davis, a California Court of Appeal explained a self-publication is foreseeable if a job-seeker must tell a prospective employer what is in his personnel file to explain away a negative reference. 29 Cal. App. 4th at 374. At summary judgment, the plaintiff in Davis had failed to proffer any facts supporting his contention that there was a "strong compulsion" to republish because he did not show there was a negative job reference he needed to explain away. Id. The plaintiff conceded a company policy against providing information beyond confirming employment dates. Id. The court further noted the plaintiff failed to provide evidence that a prospective employer even asked about the alleged incident. Id. Considering the total dearth of evidence, the court concluded the plaintiff failed to establish he was under a compulsion to republish the defamatory matter. Id. Wal-Mart provides declarations from Snyder and Ogunlana asserting that under Wal-Mart policy, managers and human resources associates do not provide employment references to prospective employers. (Snyder Decl. ¶ 10; Ogunlana Decl. ¶ 9.) They contend this means Plaintiff cannot state a viable claim against Snyder and Ogunlana.

      The Court disagrees. First, the Court notes that Davis, on which Wal-Mart relies heavily, reviewed a summary judgment determination. See 29 Cal. App. 4th at 374. Thus, at the close of discovery, the plaintiff had no evidence supporting compulsion. Here, the case is at the pleading stage and Plaintiff need only allege facts supporting a theory of compulsion. Plaintiff's Proposed FAC alleges he was required to republish the reasons for his termination from Wal-Mart.

(Proposed FAC ¶ 137.)  Thus, unlike Davis, Plaintiff possibly alleges circumstances in which the prospective employers expressly inquired as to the circumstances surrounding his past employment.  Second, Wal-Mart's theory that its no reference policy per se negates any finding of compulsion is unpersuasive, as the logical consequence of such an argument is that someone in Plaintiff's position could avoid re-publication by willfully misrepresenting the circumstances of his termination when asked.  Third, the declarations Wal-Mart submits do not establish Plaintiff had reason to know of Wal-Mart's no employment reference policy.  (See Snyder Decl.; Ogunlana Decl.)  Thus, Wal-Mart cannot support its argument that Plaintiff should have known Wal-Mart employees would not give a negative reference.  Fourth, and related to the first point, prior to discovery Plaintiff has not had the opportunity to determine whether Wal-Mart managers and human resources associates adhere to the policy against giving employment references to prospective employers.  Thus, there is substantial ambiguity as to how McKinney and Davis impact Plaintiff's self-publication theory for his defamation claim.  At this stage, all material ambiguities in state law must be resolved in Plaintiff's favor.  See Macey v. Allstate Property and Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citation omitted).

Accordingly, the Court concludes Plaintiff's self-publication theory is sufficiently viable and that his defamation claim survives the fraudulent joinder analysis.  The Court need not consider the viability of the other claims against Snyder and Ogunlana to conclude that amendment and remand is proper.  This factor favors permitting amendment.

### 6. Prejudice to Plaintiff if Joinder is Denied

Finally, "denying the amendment would require Plaintiff to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing [his] potential claims against [Snyder and Ogunlana], while allowing amendment will not prejudice the Defendants as discovery has not yet begun."  See IBC Aviation, 125 F. Supp. 2d at 1013.  Furthermore, as addressed above in Part II.B.2, Plaintiff would be time-barred from pursuing his claims against Snyder and Ogunlana if the Court does not permit amendment.  This factor favors permitting amendment.

Considering the factors as a whole, the Court finds amendment is warranted.  Accordingly, the Court GRANTS Plaintiff's Motion for Leave.  The Court DEEMS FILED the Proposed FAC.  Per 28 U.S.C. § 1447(e), the Court REMANDS this action to the California Superior Court for the County of San Bernardino.

### III.  MOTION TO REMAND

Because the Court grants Plaintiff's Motion for Leave and remands the action under 28 U.S.C. § 1447(e), the Court need not consider Plaintiff's Remand Motion.  The Remand Motion is DENIED as MOOT.

///
///

## IV. MOTION TO DISMISS

Because the Court grants Plaintiff's Motion for Leave, the Court need not consider Wal-Mart's Motion to Dismiss. The Motion to Dismiss is DENIED as MOOT.

## V. CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion for Leave to Amend. The Proposed FAC is DEEMED FILED, and the Court REMANDS this action to the California Superior Court for the County of San Bernardino for all further proceedings. The Court DENIES as MOOT Plaintiff's Remand Motion and Wal-Mart's Motion to Dismiss. The July 8, 2019 hearing is VACATED. The Clerk is directed to close the case.

**IT IS SO ORDERED.**